IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT CARR, JR.,

                Petitioner,

v.

STATE OF WISCONSIN,

                Respondent.

OPINION and ORDER

21-cv-492-jdp

---

Petitioner Robert Carr Jr. sought habeas relief, raising a newly discovered evidence claim, three claims based on ineffective assistance of trial counsel, and a due process claim. I dismissed the case because Carr's newly discovered evidence claim was meritless and his other claims were procedurally defaulted. Dkt. 36.

Carr contends that I erred in concluding that he could not return to the state supreme court and raise his defaulted claims because the 30-day deadline to present them in a petition for review had long expired. *See* Dkt. 38 at 1–2. Carr reasons that he can return to the state supreme court and file a habeas petition alleging that his "appellate counsel [was ineffective] for failing to bring [his] ineffective [assistance] of trial counsel claims in her petition for review." *See id.* at 2.

Carr is correct that he can file a habeas petition in the state supreme court, so I will amend the order denying his petition to reflect that. But Carr has not shown that I erred in concluding that his claims were procedurally defaulted. Even if Carr's claims were not procedurally defaulted, they are unexhausted, and Carr has not shown a basis to hold his petition in abeyance while he returns to state court and attempts to exhaust the claims. So I will deny Carr's motion for reconsideration and his motion to hold this case in abeyance.

ANALYSIS

Petitioners have a "a statutory right to counsel in the preparation of a petition for review to [the state supreme] court." *See State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 249 (1996). So a petitioner could file a habeas petition in the state supreme court contending that his appellate counsel provided ineffective assistance by failing to raise a claim in a petition for review. *See id.* at 249, 255–56; *State ex rel. Fuentes v. Wisconsin Ct. of Appeals, Dist. IV*, 225 Wis. 2d 446, 454 (1999). The state court of appeals would not be the proper place to file such a petition. *See Fuentes*, 225 Wis. 2d at 453; *see also State ex rel. Warren v. Meisner*, 2020 WI 55, ¶ 36 ("[A]lleged errors occurring in an appellate court are best addressed in the appellate court where the alleged error occurred.").

Wisconsin has adopted a "'clearly stronger' *pleading standard* . . . for criminal defendants alleging in a habeas petition that they received ineffective assistance of appellate counsel due to counsel's failure to raise certain issues." *State v. Starks*, 2013 WI 69, ¶ 60 (emphasis added), *abrogated on other grounds*, *Warren*, 2020 WI 55. Carr cannot meet this burden because he does not allege that the claims appellate counsel failed to raise are "clearly stronger" than the newly discovered evidence claim that she raised, "and his filings do not suggest that they are." *See* Dkt. 36 at 9. *Starks*' "clearly stronger" pleading standard was adopted in *State v. Romero-Georgana*, 2014 WI 83, ¶ 46, which the Seventh Circuit has held is an independent and adequate state procedural bar, *see* Dkt. 36 at 9–10. If Carr filed a habeas petition alleging that appellate counsel was ineffective because she failed to raise all his claims in the petition for review, the state supreme court would deny the petition under this pleading standard, which the caselaw suggests is an adequate and independent state procedural bar. *See id.* Carr has not

shown that I erred in concluding that his ineffective assistance and due process claims were procedurally defaulted.

I would deny Carr's motion for reconsideration even if *Starks*' pleading standard were not independent and adequate. Carr's ineffective assistance and due process claims would still be unexhausted. *See* Dkt. 36 at 7–9; *see also* 28 U.S.C. § 2254(b)(1)(A) (stating that a habeas petition may not be granted unless the petitioner has exhausted state court remedies). I would have discretion to stay the case and hold the petition in abeyance while Carr attempted to exhaust his claims in the state supreme court. *See Rhines v. Weber*, 544 U.S. 269, 276–77 (2005). A stay and abeyance would be appropriate only if Carr showed "good cause" for his failure to raise the claims in the petition for review. *See id.* at 277. The only cause Carr has alleged in this case is appellate counsel's alleged ineffective assistance in failing to raise his ineffective assistance and due process claims. But, again, the record does not reflect that this failure was deficient. It would also be an abuse of discretion to stay the case because Carr's ineffective assistance and due process claims appear to be meritless. *See id.*; *see also State v. Carr*, 2021 WI App 41, ¶¶ 46, 50–51 (per curiam).

I will deny Carr's motion for reconsideration, but I will amend my order denying his petition to reflect that Carr could file a habeas petition in the state supreme court contending that his appellate counsel was ineffective for failing to raise all his claims in his petition for review. I will deny as moot Carr's motion to hold his habeas petition in abeyance, Dkt. 39, because I have dismissed the case and Carr has not shown a basis for reconsideration of that decision.

3

ORDER

IT IS ORDERED that:

1. Petitioner Robert Carr, Jr.'s motion for reconsideration, Dkt. 38, is DENIED, and a certificate of appealability is DENIED.

2. The court's order denying petitioner's habeas petition, Dkt. 36, is AMENDED as provided in this order.

3. Petitioner's motion to hold his habeas petition in abeyance, Dkt. 39, is DENIED as moot.

4. The clerk of court is directed to send petitioner a copy of this order.

Entered April 3, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge